IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 84873-9-I |
| Respondent, | |
| v. | DIVISION ONE |
| TYE LANE GROSHONG, | UNPUBLISHED OPINION |
| Appellant. | |

SMITH, C.J. — Following an altercation with his step-daughter, a jury convicted Tye Groshong of assault in the fourth degree against a family member. On appeal, Groshong contends that remote voir dire proceedings violated his constitutional right to in-person jury selection and interfered with his right to a fair and impartial jury. Because no right to in-person jury selection exists and because no violation to Groshong's right to a fair and impartial jury occurred, we affirm.

FACTS

In August 2021, Tye Groshong's step-daughter, Shanna Backman-Groshong, received a call from a neighbor that Groshong's dog was loose outside. The neighbor asked Backman-Groshong to pick up the dog and return it to her step-father's house. Groshong was not at home when Backman-Groshong went to return the dog, so she took the dog home with her for the night.

The next day, as Backman-Groshong was in her car at home, preparing to take the dog back to her step-father's house, Groshong appeared outside her car window. Groshong appeared angry. At one point, Groshong opened the car door. He then proceeded to kick Backman-Groshong in the chest and stomach, put his arm around her neck, and hit her in the face while she sat in her car. When Backman-Groshong attempted to call 911, Groshong hit her again in the face.

Groshong was later charged with assault in the second degree with a domestic violence aggravator and with interfering with domestic violence reporting.

During pretrial motions, Groshong objected to the use of technology to conduct voir dire remotely. Groshong acknowledged that "[t]he Court has a lot of leniency in conducting voir dire how they choose," but asserted that remote voir dire and wearing masks impeded his ability to communicate effectively with his counsel. The trial court denied Groshong's motion for in-person voir dire. As to Groshong's ability to communicate with his counsel, the court noted: "And I find that the fact that you and your client are wearing masks doesn't impede your communication. You're sitting right next to each other. You're welcome to sit as close as you want to talk."

The jury acquitted Groshong of assault in the second degree and of interfering with domestic violence reporting but convicted him of assault in the fourth degree against a family member.

Groshong appeals.

ANALYSIS

Voir Dire Procedures

Groshong asserts that remote voir dire violated his right to in-person jury selection under article 1, section 21 of the Washington State Constitution and his right to a fair jury trial. We disagree.

1. Article I, Section 21

We recently addressed whether article I, section 21 applied to jury selection in State v. Booth, 24 Wn. App. 2d 586, 521 P.3d 196 (2022), review denied, 1 Wn.3d 1006 (2023), and concluded that it did not.

In Booth, this court engaged in a Gunwall[1] analysis to address whether article I, sections 21 and 22 of our state constitution protect the use of peremptory challenges in criminal jury selection proceedings. 24 Wn. App. 2d at 601-02. We explained that article I, section 21 governs a defendant's right to a jury trial while article I, section 22 governs jury selection and that the two sections serve complementary roles. Booth, 23 Wn. App. 2d at 604. We reasoned that article I, section 21 had "not been applied to regulate the process of jury selection" and "to incorporate article I, section 22's protections into article I, section 21 would be to interpret the former as mere surplus to the latter." Booth, 23 Wn. App. 2d at 604-05. Because article I, section 22 clearly governs jury selection, we concluded that the text and structure of our state constitution strongly opposed finding that article I, section 21 created additional rights in jury selection. Booth, 23 Wn. App. 2d at 604.

---

[1] State v. Gunwall, 106 Wn.2d 54, 720 P.2d 808 (1986).

3

Because article I, section 21 does not apply to jury selection, we disagree with Groshong that it creates a right to in-person jury selection.

2.  Ability to Select a Fair and Impartial Jury

Groshong also contends that remote jury selection violated his ability to select a fair and impartial jury.  We disagree.

Our federal and state constitutions guarantee criminal defendants the right to an impartial jury.  U.S. CONST. amend. VI; WASH. CONST. art. 1, § 22.  This guarantee includes "the right to have a jury drawn from a fair cross section of the community."  State v. Meza, 22 Wn. App. 2d 514, 533, 512 P.3d 608, review denied, 200 Wn.2d 1021 (2022).

Trial courts have wide discretion in conducting voir dire.  State v. Wade, 28 Wn. App. 2d 100, 111, 534 P.3d 1221 (2023), review denied, 2 Wn.3d 1018 (2024).  The trial court's broad discretion in conducting voir dire is limited "only by the need to assure a fair trial by an impartial jury."  State v. Brady, 116 Wn. App. 143, 147, 64 P.3d 1258 (2003).  Absent an abuse of discretion and a showing of prejudice, a trial court's ruling on the scope and content of voir dire will not be disturbed on appeal.  Wade, 28 Wn. App. 2d at 111.  The court abuses its discretion if it "adopts a view that no reasonable person would take."  State v. Sisouvanh, 175 Wn.2d 607, 623, 290 P.3d 942 (2012).

When Groshong proceeded to trial, Washington was still in the throes of the COVID-19[2] pandemic.  In response to the pandemic, our state supreme court

---

[2] COVID-19 is the World Health Organization's official name for "coronavirus disease 2019," a severe, highly contagious respiratory illness that quickly spread throughout the world after being discovered in December 2019.

issued a series of orders requiring courts to "conduct all [jury trial] proceedings consistent with the most protective applicable public health guidance in their jurisdiction." Ord. re: Modification of Jury Trial Proc., In re Statewide Response by Washington State Courts to the COVID-19 Public Health Emergency, at 3 (Wash. June 18, 2020).[3]  It also noted that "[t]he use of remote technology in jury selection, including use of video for voir dire in criminal and civil trials, is encouraged to reduce the risk of coronavirus exposure."  Ord. re: Modification of Jury Trial Proc. at 3.

Here, the trial court adopted reasonable voir dire procedures in light of the ongoing COVID-19 pandemic.  Moreover, Groshong offers no examples of how remote voir dire impacted his ability to select a fair and impartial jury.  Absent any evidence of prejudice, we disagree that his right to select a fair and impartial jury was violated.

<u>Victim Penalty Assessment and DNA Fee</u>

Groshong also argues that because he is indigent, the victim penalty assessment and DNA collection fee must be stricken.  The State does not oppose remand to strike the victim penalty assessment.  Therefore, we remand for the fee to be stricken.  We note, however, that the judgment and sentence did not impose a DNA collection fee on Groshong and therefore, the court does not need to address the DNA collection fee on remand.

---

[3] https://www.courts.wa.gov/content/publicUpload/Supreme%20Court%20Orders/Jury%20Resumption%20Order%20061820.pdf [https://perma.cc/S5YJ-BWPR].

Affirmed and remanded to strike victim penalty assessment fee.

_Smith, C.J._

WE CONCUR:

_Mann, J._          _Dwyer, J._